IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

VICHETH RATH                                                                              PETITIONER
REG. #12157-078

V.                                      NO.  2:08cv00066 JMM-JWC

T.C. OUTLAW, Warden,                                                                RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Vicheth Rath, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2). Respondent filed a motion to dismiss (doc. 9), and Petitioner has replied (doc. 12). For the reasons that follow, the petition should be **denied**.

I.

The procedural history is undisputed. Following entry of a guilty plea in October 2005 in the United States District Court for the Eastern District of Texas (Sherman), Petitioner was convicted of conspiring to distribute a controlled substance and using/carrying a firearm during and in relation to a controlled substance crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1). As a result, judgment was entered and he was sentenced, on October 25, 2006, to 312 months of imprisonment. *United States v. Rath*, No. 4:05-cr-00076 (E.D. Tex.) (doc. 9, att. 1 [#188-91, #193, #195, #284, #287]). For

purposes of calculating his sentence, Petitioner was categorized as a career offender based on three prior felony convictions, including a 1991 state conviction for burglary of a habitation arising out of Tarrant County, Texas. *See* doc. 2, at 2; doc. 9, att. 3, at 7, 16-17, 26. Petitioner did not seek a direct appeal of his federal convictions or sentence.

On May 14, 2007, Petitioner filed in the Texas district court a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255, followed by an amended motion, arguing: trial counsel was constitutionally ineffective for (1) advising him to plead guilty pursuant to a plea agreement devoid of benefits, resulting in an involuntary plea due to misinformation by counsel, (2) advising him to accept a plea agreement containing a waiver-of-appeal stipulation, and (3) failing to seek a downward departure for over-representation of his criminal history category. *Rath v. United States*, No. 4:07-cv-00237 (E.D. Tex.) (doc. 9, att. 2, 3 & 4). The docket sheet submitted does not show that the Texas district court has ruled on his § 2255 motion or amended motion (doc. 9, att. 2). By electronically accessing the Texas district court records, this Court has confirmed that, as of July 7, 2008, the § 2255 motions remain pending.

II.

In this § 2241 petition, Petitioner argues that he is actually innocent of the prior Texas state conviction for burglary; that his guilty plea to that offense was not knowing, voluntary or intelligent; and that his right to effective assistance of counsel in connection with entry of his plea was violated. He says that he never actually committed the elements of burglary of a habitation, as set forth in the Texas criminal statutes; that he was not fully and properly advised of the consequences of a plea, including that it could be used to

enhance future sentences; that the court did not assure itself that he was competent and his plea was voluntary as required by *Boykin v. Alabama*, 395 U.S. 238 (1969); and that had the court followed *Boykin* and the applicable court rules regarding guilty pleas, it would have determined that he lacked the capacity to plead guilty. He further argues that his state court counsel was ineffective for failing to ensure that Petitioner entered a knowing and voluntary plea and was fully and properly advised of his rights.

III.

Respondent argues that, because Petitioner's claims relate to the sentence he received in his federal criminal proceedings, they are not properly brought in a § 2241 petition. In reply, Petitioner asserts that he is not challenging his federal conviction or sentence, but instead challenges the validity of the 1991 Texas state burglary conviction that was used to enhance his federal sentence. He does not contend that he is still serving the sentence for the 1991 Texas burglary conviction, only that it was used for purposes of extending his current term of imprisonment.

The federal habeas statutes confer jurisdiction on district courts only when relief is sought by persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a prisoner's sentence has fully expired at the time of filing a habeas petition, he is not "in custody" pursuant to that conviction or sentence as required by § 2241, and the fact that the conviction is being used to enhance a sentence imposed for subsequent crimes is not enough to render him "in custody." *Maleng v. Cook*, 490 U.S. 488, 490-93 (1989). This Court is without jurisdiction to consider

claims regarding a sentence that Petitioner completed serving before his present federal conviction. *Love v. Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997).

Furthermore, Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence *as enhanced by* the prior Texas state conviction. Petitioner is incarcerated in this judicial district, but this is not the district where his federal convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Accordingly, even if Petitioner's claims are construed as challenging the validity of his enhanced federal sentence, they should have been directed to the Texas district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit). According to Petitioner's supporting materials, the Presentence Investigation Report (PSI) prepared before his federal sentencing identified the prior state

convictions being used to establish his base offense level, his criminal history category, and his status as a career offender (doc. 9, att. 3, at 16-17, 26). He filed objections to the PSI challenging the drug quantities used for sentencing purposes (*id.* at 17). As stated, he did not seek a direct appeal. In his § 2255 proceeding, he argued counsel was ineffective for (1) failing to challenge use of the 1991 Texas conviction because the PSI used arrest records only to document it and because the offense was "non-qualifying" for career offender enhancement, and (2) failing to argue his case was "exceptional" and qualified for a downward departure under U.S.S.G. § 4A1.3(b) because the criminal history category over-represented the seriousness of the three prior state convictions and the likelihood that he would commit other crimes (*id.* at 5, 7, 26). No argument was made regarding his alleged innocence of the 1991 burglary conviction or the validity of his guilty plea to that offense. There is no evidence that he has tried to supplement or include these particular claims in his pending § 2255 proceeding in the sentencing court. Instead, he seeks recourse through this separately filed § 2241 petition in the district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255 ¶ 5. A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or

ineffective so as to permit utilization of § 2241.  *Abdullah*, 392 F.3d at 959.  Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred.  *Id.*

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district.  *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); *Perez*, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal").  Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence.  *Abdullah*, 392 F.3d at 963.

Petitioner did not take advantage of the opportunity to raise these particular claims at sentencing, in a direct appeal or in his § 2255 proceedings.  The Court recognizes that Petitioner's ability to challenge his predicate state conviction under § 2255 would most likely be unsuccessful.  In *Daniels v. United States*, 532 U.S. 374, 382 (2001), the Supreme Court held that if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so

unsuccessfully)," a movant's § 2255 motion challenging the prior conviction will fail because the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive. The Court held that a defendant generally is not entitled to collaterally attack his prior conviction through a § 2255 motion unless he alleges that the conviction was obtained in violation of the right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Daniels*, 532 U.S. at 382. Petitioner's claims regarding the voluntariness of his guilty plea do not fall into this category.

The Supreme Court has also suggested that collateral relief through a § 2255 motion might be available in those "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Johnson v. United States*, 544 U.S. 295, 304 n.4 (2005); *Daniels*, 532 U.S. at 383-84. However, there is no indication that Petitioner ever sought, or was prevented from seeking, review of the 1991 state conviction through the Texas state court system or some other means while he was still in custody pursuant to that conviction.[1]

In any event, the fact that § 2255 may not provide relief to Petitioner does not mean that the federal remedy is inadequate or ineffective "to test the legality" of his federal sentence as enhanced by the prior state conviction. He is not entitled to proceed under § 2241 simply because he did not or could not raise his current claims in his direct appeal or his § 2255 proceedings, or because he believes any further attempts at obtaining relief from the Texas district court or the Fifth Circuit would be futile.

---

[1] If Petitioner were able to successfully challenge the Texas state conviction in an appropriate forum, § 2255 might be available to attack the current federal sentence as improperly enhanced by an invalidated prior conviction. *See Johnson*, 544 U.S. at 303-04.

In summary, this Court lacks jurisdiction to consider this § 2241 habeas petition as a direct challenge to the expired Texas state conviction. *Love*, 128 F.3d at 1258-59. Moreover, this Court also lacks subject matter jurisdiction to consider the § 2241 claims as a challenge to Petitioner's current federal sentence because he has not demonstrated that the § 2255 remedy is ineffective or inadequate. *Abdullah*, 392 F.3d at 964.

IV.

Accordingly, Respondent's motion to dismiss (doc. 9) should be **granted**, thereby denying this 28 U.S.C. § 2241 petition for writ of habeas corpus and dismissing this case in its entirety without prejudice to Petitioner's right to present his claims in his pending § 2255 proceeding or pursue any still existing channels to challenge his prior Texas state conviction.

DATED this 7th day of July, 2008.

                                                          _____
                                                          UNITED STATES MAGISTRATE JUDGE